IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| NATASHA WALKOWICZ SHEA<br>16 Welling Avenue<br>Warwick, NY 10990<br>     Plaintiff<br> v.<br><br>KALAHARI RESORTS &<br>CONVENTIONS – POCONOS<br>250 Kalahari Road<br>Pocono Manor, PA 18349<br>    &&<br>KALAHARI RESORTS PA, LLC<br>250 Kalahari Road<br>Pocono Manor, PA 18349<br>    &&<br>KALAHARI RESORTS, LLC<br>250 Kalahari Road<br>Pocono Manor, PA 18349<br>     Defendant | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Natasha Walkowicz Shea, by and through her attorneys, Fine and Staud, LLC, states that she has a cause of action against Defendants, Kalahari Resorts & Conventions – Poconos, Kalahari Resorts PA, LLC, and Kalahari Resorts, LLC, and in support thereof avers the following:

### I: PARTIES

1. Plaintiff, Natasha Walkowicz Shea, is an adult individual residing at the above stated address.

2. Defendant, Kalahari Resorts & Conventions – Poconos, is a limited liability company or other corporate entity located at the above stated address.

3. At all times relevant hereto, Kalahari Resorts & Conventions – Poconos, owned, controlled, possessed, managed, leased, and/or was otherwise responsible for the maintenance of the

real property located at 250 Kalahari Boulevard, Pocono Manor, NJ 18349, including but not limited to the parking lot.

4. Kalahari Resorts & Conventions – Poconos is vicariously liable for the negligent acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency.

5. Defendant, Kalahari Resorts PA, LLC, is a limited liability company or other corporate entity located at the above stated address.

6. At all times relevant hereto, Kalahari Resorts PA, LLC, owned, controlled, possessed, managed, leased, and/or was otherwise responsible for the maintenance of the real property located at 250 Kalahari Boulevard, Pocono Manor, NJ 18349, including but not limited to the parking lot.

7. Kalahari Resorts PA, LLC is vicariously liable for the negligent acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency.

8. Defendant, Kalahari Resorts, LLC, is a limited liability company or other corporate entity located at the above stated address.

9. At all times relevant hereto, Kalahari Resorts, LLC, owned, controlled, possessed, managed, leased, and/or was otherwise responsible for the maintenance of the real property located at 250 Kalahari Boulevard, Pocono Manor, NJ 18349, including but not limited to the parking lot.

10. Kalahari Resorts, LLC is vicariously liable for the negligent acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency.

## II.     JURISDICTION AND VENUE

11. Jurisdiction is proper because this action is brought pursuant to 28 U.S.C. § 1332, as Plaintiff Natasha Walkowicz Shea is a resident of the State of New York, and Defendants, Kalahari

Resorts & Conventions – Poconos, Kalahari Resorts PA, LLC, and Kalahari Resorts, LLC, are residents of the Commonwealth of Pennsylvania, and the amount in controversy exceeds $75,000.00, thereby meeting the requirements for diversity of citizenship.

12. Venue is proper in the Middle District of Pennsylvania in that all events relevant to the above captioned matter occurred in the Middle District of Pennsylvania and Defendant's business is based in the Middle District of Pennsylvania.

### III. CHRONOLOGY OF FACTS

13. On or about March 11, 2023, at approximately 9:00 pm, Plaintiff, Natasha Walkowicz Shea was walking on the premises located at 250 Kalahari Boulevard, Pocono Manor, NJ 18349.

14. At all times relevant, Defendants had an obligation to exercise reasonable care in the maintenance and upkeep of the Property including but not limited to the property's parking lots, walkways, and common areas.

15. At all times relevant, the property was covered with ice that had not been shoveled, salted, or otherwise treated.

16. On or about March 11, 2023, as a result of the failure of Defendants to shovel, salt, or otherwise treat the property, the property was in a slippery and dangerous condition ("the condition").

17. Because of the existence of the condition, the area was dangerous.

18. The Defendants' conduct in allowing the condition to exist caused needless risk of harm to Plaintiff, Natasha Walkowicz Shea.

19. At all times relevant, the Defendants knew or should have known that the parking lot, walkways and common areas, and particularly the ones located in the parking lot at 250 Kalahari Boulevard, Pocono Manor, NJ 18349 had not been shoveled, salted, or otherwise treated.

20. At all times relevant, Defendants knew or should have known that having a parking lot that not been shoveled, salted, or otherwise treated constituted a dangerous condition and risk of harm to the general public, including Plaintiff, Natasha Walkowicz Shea.

21. The Defendants failed to provide notice or warning of the condition to Plaintiff, Natasha Walkowicz Shea.

22. Plaintiff, Natasha Walkowicz Shea, while exercising due care and caution for her own safety, slipped and fell as a result of ice shortly after she had left the Kalahari Resort and was walking to her car that was located in the parking lot.

23. At all relevant times to this matter, Defendants owned, managed, leased, possessed and/or otherwise controlled the subject property and was responsible by itself and by and through its employees, workmen, servants, contractors, and/or agents for the supervision, repair, and maintenance of the subject property including but not limited to ice removal on the parking lot, walkways, and common areas.

24. The Defendants are vicariously liable for the negligence and carelessness of their employees, workmen, servants, contractors, and/or agents who at all material times hereto were acting or failing to act within the course and scope of their employment, authority, and/or agency.

25. Plaintiff's fall and her resulting injuries were caused solely by the negligence and carelessness of all Defendants, individually, jointly, severally, and vicariously.

26. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff, Natasha Walkowicz Shea, sustained serious and permanent injuries which caused a serious impairment of body function. Plaintiff's injuries include without limitation, injuries to her muscles, bones, tendons, ligaments, back, legs, lumbar herniated discs aggravations to pre-existing lumbar disc injuries and degeneration that required a multiple level lumbar fusion surgery performed less than one week after the fall, lumbar radiculopathy, foot drop, numbness, tingling, shooting pains, loss of function from her lower back into her legs, and aggravation of preexisting conditions if any, all or some of which are or may be

permanent. Plaintiff also makes claims for such injuries, damages and consequences of which she has no present knowledge.

27. As a further result of this accident, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or to incur various expenses for the injuries she has suffered and she will be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

28. As a further result of this accident, Plaintiff has suffered a severe loss of her earnings and of her earning capacity and power.

29. As a direct and reasonable result of this accident, Plaintiff has or may hereafter incur financial expenses or losses which do or may exceed amounts she may otherwise be entitled to receive.

30. As a further result of this accident, and by reason of the injuries as aforesaid, Plaintiff has suffered and in the future may continue to suffer great pain and agony, mental anguish and humiliation and has been, and may in the future, be hindered from attending to her daily duties, function and occupation, to her great detriment and loss.

### COUNT I
### NEGLIGENCE
### NATASHA WALKOWICZ SHEA V. KALAHARI RESORTS & CONVENTIONS – POCONOS, KALAHARI RESORTS PA, LLC, AND KALAHARI RESORTS, LLC

31. The averments of all preceding paragraphs are incorporated by reference as though fully set forth herein.

32. Plaintiff, Natasha Walkowicz Shea's fall was caused solely by the negligence and carelessness of Defendants by itself and/or by and through its employees, servants, workmen, contractors, and/or agents, and was due in no manner whatsoever to any act, or failure to act, on the part of Plaintiff.

33. The Defendants knew or should have known that the untreated ice on the parking lot, walkways, and common areas created a dangerous condition and hazard to pedestrians including Natasha Walkowicz Shea.

34. The property was at all relevant times under the control, possession, management, and ownership of the Defendants.

35. Defendants had an obligation to provide adequate maintenance and inspection to the property, keep it in good repair and in a safe condition, free and clear of dangerous defects including but not limited to accumulations of ice.

36. It was the duty of Defendants to use ordinary care and diligence to keep and maintain the property in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for Natasha Walkowicz Shea or present an unreasonable risk of harm to Natasha Walkowicz Shea in her lawful use of the property's parking lot and walkways.

37. It was the duty of Defendants to exercise reasonable care to protect the public including Natasha Walkowicz Shea by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the property.

38. It was the duty of Defendants to exercise reasonable care to protect the public and Natasha Walkowicz Shea by proper maintenance, repair, inspection, adequate illumination, warning and other affirmative acts, from injuries resulting from dangerous and unsafe conditions on the property such as ice forming on the parking lot, walkways, and sidewalks.

39. Plaintiff, Natasha Walkowicz Shea's injuries were solely and proximately caused by the carelessness and negligence of Defendants which included but is not limited to the following:

    a. Failing to provide proper maintenance and repair on the property;

    b. Failing to use ordinary care and diligence in the upkeep and maintenance of the property;

c. Failing to keep the property in a condition reasonably safe for its intended use and free from all defects and conditions which rendered it dangerous and unsafe for Natasha Walkowicz Shea;

d. Failing to exercise reasonable care or other affirmative acts to protect Natasha Walkowicz Shea from dangers reasonably foreseeable;

e. Failing to adequately illuminate the dangerous condition;

f. Failing to properly warn Natasha Walkowicz Shea of the defects on the subject property including but not limited to the presence of ice;

g. Failing to fulfill its duties as stated aforesaid and those required by law as an owner, possessor and/or operator, of the subject property;

h. Failing to place barricades around said area;

i. Failing to place signs and warnings of the condition in said area;

j. Failing to properly treat the dangerous condition;

k. Failing to remove the dangerous condition;

l. Failing to warn of the dangerous condition;

m. Failing to properly shovel, salt or otherwise treat and remove ice;

n. Failing to prevent accumulation of ice at the subject property;

o. Failure to clear a path free of ice for pedestrians;

p. Negligent supervision and hiring of employees, agents, and servants;

q. Negligent training of employees, agents, workmen, and contractors in safety and hazard detection and prevention;

r. Implementation of inadequate safety and hazard detection and prevention procedures and policies; and

s. Failing to make timely inspections of the property and prevent, remove, and treat hazardous conditions such as formation of ice.

**WHEREFORE**, Plaintiff, Natasha Walkowicz Shea, requests the following relief from Defendant, Kalahari Resorts & Conventions – Poconos, Kalahari Resorts PA, LLC, and Kalahari Resorts, LLC.

      a.      Compensatory damages;

      b.      Such other and further relief as appears reasonable and just; and

      c.      A jury trial as to each Defendant and as to each count.

RESPECTFULLY SUBMITTED,

BY: *Theodore C. Levy*
THEODORE C. LEVY, ESQUIRE
Attorney ID No. 311794
Fine and Staud LLC
1333 Race Street
Philadelphia, PA 19107
Phone (215) 665-0100
Fax (267) 710-7004
tlevy@fineandstaud.com
Attorney for Plaintiff, Natasha Walkowicz Shea

Date: 5/16/23

## VERIFICATION

I, Natasha Walkowicz Shea, hereby state that I am the **PLAINTIFF** in this matter; that the averments contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and further that this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification.

*Natasha Walkowicz Shea (Apr 18, 2023 10:50 EDT)*

DATE: 5/16/23