**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATASHA WALKOWICZ SHEA** | : | |
| | : | |
| **Plaintiff,** | : | **3:23-CV-814** |
| | : | **(JUDGE MARIANI)** |
| **v.** | : | |
| | : | |
| **KALAHARI RESORTS & CONVENTIONS - POCONOS, and KALAHARI RESORTS PA, LLC, and KALAHARI RESORTS, LLC** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I. BACKGROUND

Before the Court is defendants Kalahari Resorts & Conventions – Poconos, Kalahari Resorts PA, LLC, and Kalahari Resorts, LLC's ("Kalahari") amended motion for a discretionary stay of execution pending appeal. (Doc. 116). Although the Court will deny Kalahari's amended motion for a stay for the reasons set forth below, it will nevertheless approve the $3,000,000 supersedeas bond posted by Kalahari under Federal Rule of Civil Procedure 62(b) in a separate order. (Doc. 121).

After a five-day jury trial, a jury found by a preponderance of the evidence that (1) Kalahari was negligent; (2) Kalahari's negligence was a factual cause of harm to Plaintiff; and (3) Plaintiff was not negligent. (Doc. 89 at 2-3.) The jury found that Plaintiff was entitled to a damages award of $2,400,000.00. (Doc. 89 at 5).

On July 6, 2026, the Court denied Kalahari's motions for post-trial relief, (Doc. 109), triggering the 30-day automatic stay of execution in Federal Rule of Civil Procedure 62(a). *See* Fed. R. Civ. P. 62(a) ("execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."). That same day the Court granted Plaintiff's motion for delay damages and bill of costs and amended the judgment to reflect a total damage award of $2,775,417.32. (Doc. 110, ¶ 3).

On July 29, 2026, Kalahari appealed the judgment to the United States Court of Appeals for the Third Circuit and the appeal remains pending. (Doc. 112).

Upon the expiration of the automatic stay, Plaintiff filed a writ of execution on August 6, 2026, seeking to enforce her money judgment against Kalahari's real property in Pennsylvania and against funds held in Kalahari's bank account by JP Morgan Chase. (Docs. 114, 114-1, 114-2).

Kalahari later filed an emergency motion seeking a stay pending appeal. (Doc. 115). Kalahari argued that applying the Third Circuit's stay factors as set forth in *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015), it is entitled to a stay pending appeal. (*Id.*, ¶¶ 10-25). In the alternative, Kalahari expressed its "willingness" to "post a supersedeas bond to protect Plaintiff's interest during the pendency of appeal" and "defer to the Court regarding

the appropriate amount" under Federal Rule of Appellate Procedure 8(a)(2)(E)."[1] (*Id.*, ¶¶ 26-28).

Because the Federal Rule of Appellate Procedures are clearly inapplicable to proceedings in federal district courts, the Court dismissed the stay motion as moot, and Kalahari filed an amended motion for a stay under Federal Rule of Civil Procedure 62(b) seeking the exact same relief. *See* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.").

On August 7, 2026, the Court granted in part Kalahari's stay motion "only to the extent" that all enforcement proceedings were temporarily stayed for two weeks. (Doc. 117, ¶ 1). The Court directed Kalahari to post a $3,000,000 supersedeas bond no later than August 14, 2026, and for Plaintiff to file any opposition to Kalahari's motion that same date. (*Id.*, ¶¶ 2-3).

On August 13, 2026, Kalahari filed a "motion for bond approval." (Doc. 121). In the motion, Kalahari complied with the Court's order and obtained a $3,000,000 supersedeas bond with Swiss Re Corporate Solutions American Insurance Corporation as guarantor. (Doc. 121-1).

---

[1] *See* Fed. R. App. P. 8(a)(2)(E) ("A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges. . . . The court may condition relief on a party's filing a bond or other security in the district court.").

Plaintiff opposes Kalahari's amended stay motion, arguing that Kalahari is not entitled to a discretionary stay under *In re Revel AC, Inc.*, and further objects to the amount of supersedeas bond, asking for an increased amount of bond to represent 120% of the amended judgment. (Doc. 119).

## II. <u>ANALYSIS</u>

To grant a stay pending appeal, the Court must consider: "(1) whether an appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest." *In re Revel AC, Inc.*, 802 F.3d at 565.

First, Kalahari claims "they have made a strong showing of likelihood of success on the merits based upon arguments set forth in the post-trial motions," (Doc. 116, ¶ 11) asserting that the "Third Circuit could find that this Court erred in refusing to grant a new trial based upon the prejudice that was caused when Plaintiff's counsel improperly told the jury that Defendants produced documents in discovery evaluating their own liability could be 100%." (*Id.*, ¶ 12). Although Kalahari acknowledges the Court gave a curative instruction, it argues the jury verdict's "was impacted by the Plaintiff's counsel improper comment, thereby causing irreparable harm that necessitates a new trial." (*Id.*, ¶ 13). The Court rejects Kalahari's arguments that it is likely to succeed on appeal for the same reasons set forth in the memorandum opinion denying Kalahari's motion for post-trial relief on that same

basis. *See Shea v. Kalahari Resorts & Convention-Poconos*, 2026 WL 1949349, at *10-11 (M.D. Pa. July 6, 2026).

Kalahari next claims to have made a showing of success on appeal because "the Third Circuit could find this Court erred in failing to instruct the jury on the choice of ways of doctrine," (*Id.*, ¶ 14) and could also agree "that this Court's application of law was incorrect." (*Id.*, ¶ 15). The Court flatly rejects Kalahari's arguments for the same reasons it previously did and finds that Kalahari has made no showing that it is likely to succeed on appeal. *See Shea v. Kalahari Resorts & Convention-Poconos*, 2026 WL 1949349, at *8 ("The foregoing unrefuted testimony supports a conclusion that Plaintiff fell on black ice and she 'had neither actual nor constructive notice of the ice patch.' Therefore, Defendants' assertion that they are entitled to judgment as a matter of law on the choice of ways issue is without merit.") (citations omitted). In sum, Kalahari has made no showing—likely, strong, or otherwise—that it is likely to succeed on appeal.

Second, Kalahari claims it will suffer irreparable harm absent a stay because "Plaintiff is seeking to collect a judgment that, coupled with the subsequent court-ordered damages, approaches $3 million." (Doc. 116, ¶ 17). Kalahari goes on to state "if their appeal is successful Plaintiff would be required to return and/or reimburse the collected amounts since the case would either be re-tried, or judgment would be entered in Defendants' favor notwithstanding the jury verdict." (*Id.*, ¶ 18). The Court does not share

the same concerns and finds that Kalahari also fails to demonstrate irreparable harm in the absence of a stay pending appeal.

It is well-settled that the economic harms Kalahari complains of "cannot satisfy the irreparable harm injury requirement." *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2010); *see also Frank's GMC Truck Ctr., Inc. v. GMC*, 847 F.2d 100, 102 (3d Cir. 1988) ("a purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement""). An exception to this rule exists, however, "where the potential economic loss is so great as to the threaten the existence of the movant's business." *Minard Run Oil Co.*, 670 F.3d at 255.

Here, Kalahari never claims that paying the judgment will threaten the existence of its business and claims no specific economic harm. Moreover, the documents submitted by Plaintiff note that Kalahari had a "2025 net cash flow of approximately $72.8 million for Kalahari Poconos alone." (Doc. 119 at 9). Kalahari does not dispute this figure and, accordingly, the Court finds it cannot demonstrate irreparable harm under the circumstances. Because Kalahari cannot show either likelihood of success on the merits or irreparable harm, the Court need not address the remaining two stay factors.[2] *See In re Revel AC*, 802 F.3d at 571 (when "movant does not make the requisite showings on either" irreparable harm or likelihood of success on the merits, inquiry into the balance of harm and

---

2 Neither the balance of harms nor the public interest supports Kalahari's stay motion. The public interests and the balancing of the harms do not favor staying execution of a money judgment awarded to a natural person for personal injuries caused by the negligence of a solvent multimillion dollar corporation like Kalahari.

public interest "is unnecessary, and the stay should be denied without further analysis"). Accordingly, Kalahari is not entitled to a discretionary stay of execution pending appeal.

Although Kalahari is not entitled to a discretionary stay pending appeal, it would be entitled to a stay under Rule 62(b) if it posts, and the Court approves, an adequate supersedeas bond. Federal Rule of Civil Procedure 62(b) provides "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). "The bond should typically be sufficient to satisfy the judgment in full, plus any interest and costs, and remain in force through post-trial and appellate proceedings." *Domus BWW Funding, LLC v. Arch Ins. Co.*, 2024 WL 7002106, at *1 (E.D. Pa. Dec. 4, 2024). "A party that posts a satisfactory supersedeas bond is entitled to a stay of execution as a matter of right." *Id.*

On August 13, 2026, Kalahari complied with the Court's August 7, 2026, order and posted a $3,000,000 supersedeas bond. (Doc. 121). Plaintiff's amended judgment currently stands at $2,775,417.32. While Plaintiff objects to the bond amount and seeks an increase representing 120% of the amended judgment, (Doc. 119 at 3), the Court in the exercise of its discretion declines to require Kalahari to post a bond in excess of $3,000,000. Plaintiff's alleged need for an increased bond to ensure full satisfaction of her judgment is undermined by her claim that Kalahari Poconos made $72,500,000 in gross proceeds for 2025 alone. Moreover, Plaintiff has a judgment against Kalahari Poconos and

two other limited liability companies owned or controlled by Kalahari, decreasing the need for an increased bond amount.

In sum, the Court will deny Kalahari's amended motion for a discretionary stay pending appeal. (Doc. 116). The Court will overrule Plaintiff's objection to Kalahari's motion as it pertains to the bond amount and will approve the $3,000,000 bond posted by Kalahari under Federal Rule of Civil Procedure 62(b) in a separate order. (Doc. 121).

## III. CONCLUSION

For the foregoing reasons, Kalahari's motion for a discretionary stay pending appeal (Doc. 116) will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge